**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| PERFECT BARRIER, L.L.C., | ) |
| Plaintiff | ) |
| v. | ) Cause No.: 3:07-CV-0103 RL-CAN |
| WOODSMART SOLUTIONS, INC. | ) |
| Defendant | ) |
| | |
| WOODSMART SOLUTIONS, INC., | ) |
| Counter-Plaintiff and Third Party Plaintiff | ) |
| v. | ) |
| PERFECT BARRIER | ) |
| Counter-Defendant | ) |
| And JOHN K. BANKS AND WILLIAM P. BANKS, | ) |
| Third Party Defendants | ) |

## DEFENDANT, WOODSMART SOLUTIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Woodsmart Solutions, Inc., (hereinafter "Woodsmart") by and through their undersigned counsel, hereby object and respond to Plaintiff, Perfect Barrier, L.L.C.'s First Request for Production of Documents as follows:

- 1 -

# GENERAL OBJECTIONS

1. Woodsmart objects to each of the requests to the extent they seek documents subject to the attorney/client or work product privileges, prepared or assembled in anticipation of litigation or for trial, not relevant to the subject matter involved in this action, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise not within the scope of discovery within Rules 26 and 34 of the Federal Rules of Civil and the Local Rules of this Court.

2. Woodsmart objects to each of the requests to the extent they seek the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets.

3. Woodsmart objects to the "Definitions" and "Instructions" sections, including without limitation, any definitions that are broader than those permitted by the Federal Rules of Civil Procedure or the Local Rules of this Court.

4. Woodsmart objects to the requests to the extent that they are unlimited as to time.

5. Woodsmart objects to the requests to the extent that the seek documents not relevant to the subject matter involved in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

6. Woodsmart objects to the requests to the extent that they are overly broad and unduly burdensome.

7. Woodsmart objects to the requests to the extent that they seek production of confidential, commercial, financial or other proprietary business information constituting the Woodsmart's proprietary trade secrets.

8. As discovery in this case is ongoing, Woodsmart reserves the right to revise and/or supplement its responses to Plaintiff's document requests with information and/or evidence hereinafter obtained through discovery.

## DOCUMENTS REQUESTED

1. All Documents that concern or relate to licenses Woodsmart granted concerning sales of BluWood to parties other than Perfect Barrier from January 2004 to the present, including but not limited to license or sales agreements.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

2. All Documents that touch upon or relate to communications between Woodsmart and any representative or principal of Perfect Barrier.

**RESPONSE:**

The requested documents are available for inspection and copying.

3. All Documents that concern or relate to problems, complaints, or claims (including warranty claims) communicated to Woodsmart regarding BluWood from any party for the period January 2004 to the present.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

4. All Documents that concern, relate to, or in any way support Woodsmart's claim that it provided technical support to Perfect Barrier at any time between October 2004 and October 2005 or thereafter.

**RESPONSE:**

The requested documents are available for inspection and copying.

5. All Communications between Charles Morando, Adolph Morando, Robert Morando, or Michael Morando concerning or relating to problems or difficulties Perfect Barrier experienced in applying the BluWood product to lumber.

**RESPONSE:**

The requested documents are available for inspection and copying.

6. All communications between, from, or to Charles Morando, Adolph Morando, Robert Morando, or Michael Morando or Michael Reed regarding Perfect Barrier's effort to sell equipment and supplies to Envirogard of the Southeast.

**RESPONSE:**

The requested documents are available for inspection and copying.

7. All internal correspondence at Woodsmart and to or from Envirogard of the Southeast, LLC relating to Perfect Barrier's:

(i) problems or difficulties experienced in applying the BluWood material to lumber products;

(ii) Efforts to sell equipment and material to Envirogard.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

8. All documents relating to orders from and shipments of BluWood product to Perfect Barrier from October 2004 through October 2005 or thereafter.

**RESPONSE:**

The requested documents are available for inspection and copying.

9. All Correspondence between Charles Morando, Adolph Morando, Robert Morando, or Michael Morando and Michael Reed between January 2004 and January 2007 regarding Perfect Barrier or any Perfect Barrier's employees, officers, or shareholders.

**RESPONSE:**

The requested documents are available for inspection and copying.

10. All communication between Woodsmart and Envirogard and/or Shane Holley for the period January 1, 2004 through present.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

11. Any and all affidavits, sworn statements, or deposition transcripts containing testimony from any representative from Woodsmart, including, but not limited to, Charles Morando, Adolph Morando, Robert Morando, or Michael Morando, whether rendered on behalf of Woodsmart or not, regardless of administrative or judicial forums, from January 2002 to the present.

**RESPONSE:**

Woodsmart objects to the scope of this request to the extent that it seeks information that is not related to the issues in this litigation, or is not likely to lead to relevant information. Woodsmart also objects to these requested documents to the extent they seek the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. Subject to this objection, non-confidential documents containing relevant or relevant-leading information are available

for inspection and copying and those that are confidential will be made available for inspection and copying upon the entry of a Protective Order.

12. All Documents relating to or concerning Woodsmart's affirmative defenses in this litigation.

**RESPONSE:**

Woodsmart objects to this request to the extent that it invades the work-product privilege. However, the requested documents concerning the affirmative defenses as pled are available for inspection and copying.

13. All Documents reflecting payments made by Perfect Barrier for the purchase of BluWood product from January 2004 through January 2007.

**RESPONSE:**

The requested documents are available for inspection and copying.

14. Any and all Documents concerning or relating to formulation changes or modifications made to the BluWood product from October 2004 through January 2007.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

15. All Communications concerning or relating to negotiations between Woodsmart and Perfect Barrier for a new or amended licensing agreement.

**RESPONSE:**

The requested documents are available for inspection and copying.

16. Any and all Documents relating to all meetings between Charles Morando and William P. Banks regarding negotiation of licensing agreement and any amends or

modifications thereto including but not limited to the meeting occurring February 3, 2006.

**RESPONSE:**

The requested documents are available for inspection and copying.

17. All documents reflecting sales of the BluWood product to any party from January 1, 2004 through January 1, 2007.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

18. All documents referenced or identified in Interrogatory No. 15.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

19. All documents referenced or identified in Interrogatory 16.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

20. All documents referenced or identified in Interrogatory 17.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business

information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

21. Any and all Woodsmart documents referring to or concerning any document or record retention policy of Woodsmart.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

22. All documents listing Woodsmart current and former employees or current and former independent contractors for the period 2000 to present.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

23. All documents reflecting communications between Woodsmart and Formulation Technologies, Inc. for the period 2000 and the present, including any agreements between the two entities.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

24. All reports or documents from U.S. Environmental Protection Agency ("EPA") reflecting EPA approval had issued for BluWood any time after October 2004.

**RESPONSE:**

The requested documents are available for inspection and copying.

25. All documents indicating or reflecting development by Woodsmart of a Material Safety Data Sheet ("MSDS") prior to October, 2004.

**RESPONSE:**

The requested documents are available for inspection and copying.

26. All documents reflecting payments made by Perfect Barrier for which no BluWood product was shipped.

**RESPONSE**

The requested documents are available for inspection and copying.

27. Any and all documents reflecting review or approvals by Woodsmart of product application machinery or equipment used by any of its licensees from 2000 to the present.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

28. Any and all pleadings, discovery requests and/or discovery responses from, by, or to Woodsmart and any of its principals, including but not limited to Charles Morando, Adolph Morando, Robert Morando, or Michael Morando from the period January 1, 2002 to the present.

**RESPONSE:**

Woodsmart objects to the scope of this request to the extent that it seeks information that is not related to the issues in this litigation, or is not likely to lead to

relevant information. Woodsmart also objects to these requested documents to the extent they seek the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. Subject to this objection, non-confidential documents containing relevant or relevant-leading information are available for inspection and copying and those that are confidential will be made available for inspection and copying upon the entry of a Protective Order.

29. All documents that relate to or concern Woodsmart's claim set forth in paragraph 14 of its counterclaim that there were "a few limited exceptions" to Perfect Barrier's exclusive territory in the United States and Canada.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

30. All Documents Woodsmart has in support of its claims asserted in its Counterclaim.

**RESPONSE:**

Woodsmart objects to this request to the extent that it invades the work-product privilege. However, the requested documents concerning the Counterclaim as pled are available for inspection and copying.

31. Copies of all financial statements concerning or relating to Woodsmart, including but not limited to audited and/or unaudited financial statements for the period January 1, 2002 to the present.

**RESPONSE:**

Woodsmart objects to this request to the extent it seeks the production of documents that contain privileged, confidential, sensitive or proprietary business information and/or trade secrets. However, subject to the entry of a Protective Order, the requested documents will be made available for inspection and copying.

32. All Documents reflecting opinions, summaries, or other similar communications from any expert retained to testify in this matter.

**RESPONSE:**

The requested documents are available for inspection and copying.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was placed in an envelope and mailed via U.S. First Class mail to: Paul J. Peralta, Esquire at: Moore & Van Allen, PLLC, 100 N. Tyron Street, Floor 47, Charlotte, North Carolina 28202-4003 on this the 7th day of November, 2007.

Stefan V. Stein

cc: Woodsmart Solutions, Inc.

# 4890244_v1