UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PERFECT BARRIER LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-103 JVB |
| ) | |
| WOODSMART SOLUTIONS INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

**I.    PROCEDURE**

On January 31, 2008, the parties submitted an agreed protective order that governed the disclosure of documents, and the parties asked for this Court to approve the protective order. On February 7, 2008, this Court approved the parties' agreed protective order.

On March 14, 2008, the Plaintiff Perfect Barrier LLC (Perfect Barrier) filed a motion to compel compliance with the protective order and for sanctions. After several extensions of time, on April 16, 2008, Defendant Woodsmart Solutions Inc. (Woodsmart) filed a response in opposition to Perfect Barrier's motion. On April 28, 2008, Perfect Barrier filed a reply in support of its motion. This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

A.    Facts

Around December of 2007, Woodsmart responded to one of Perfect Barrier's requests for production regarding emails. Perfect Barrier provided Woodsmart with search terms and desired to have all emails that contained the relevant search terms. Woodsmart complied with the request and turned over approximately 75,000 pages worth of email documents in electronic disk form.

Pursuant to Part II. of the parties' agreed protective order, a party could assign one of three designations to documents it produced: type A documents were not subject to the protective order, type B documents were stamped "Confidential" and could only be used in connection with this litigation, and Type C documents were for attorney eyes only. Woodsmart designated the approximately 75,000 pages worth of emails as Type C documents, "Attorney-Eyes-Only."

There are two issues that this Court must resolve. First, this Court must determine whether Woodsmart violated the terms of the parties' protective order by designating all emails as "attorney eyes only." Second, this Court must determine whether Woodsmart must re-submit the electronic discovery in a different form.

B.   Discovery Pursuant to the Protective Order

The basis of Perfect Barrier's motion is that it believes Woodsmart has abused the protective order. More specifically, Perfect Barrier claims that Woodsmart has designated documents as attorney eyes only in a blanket fashion without actually determining if all the documents should in fact be attorney eyes only. Perfect Barrier claims that the discovery is unusable because only Perfect Barrier's counsel may see the discovery instead of Perfect Barrier itself or its experts. Perfect Barrier argues that if Woodsmart wants the discovery they produced to be protected by the protective order, than they should bear the responsibility of parsing through the discovery to determine which documents are legitimately and actually for attorney eyes only.

Woodsmart admits that some of the emails may not be entitled to attorney eyes only protection. But, Woodsmart nonetheless claims that its designation is appropriate. Woodsmart argues that it designated all of its emails as attorney eyes only pursuant to Part XIII. of the protective order. Part XIII provides:

2

> [n]otwithstanding any provision of the contrary herin, a party producing documents may designate a group of documents by category as being "confidential" under category "B" and/or "C" as specified in Section II herein.  After allowing the other party to inspect such documents for which such categorical designation has been made, individual documents of the group that are requested for copying by the inspection party shall then be individually marked by the producing party with the appropriate designation specified in Section II hereof.

Woodsmart simply claims that it designated a category of information, "emails," as attorney eyes only, and that they did so because they wanted to give Perfect Barrier the opportunity to examine the emails and select which ones it wished to obtain before Woodsmart reconsidered its Section II designation.

Perfect Barrier argues that a designation of "all emails" is not a legitimate or reasonable category.  However, the protective order does not indicate either in Part XIII or elsewhere what constitutes a legitimate category, and the agreed protective order does not more narrowly define what constitutes a legitimate category.  Consequently, even though Woodsmart's designation of "emails" resulted in a very large category, it is a category.  Nothing in the protective order prevents large categorical designations.  If Perfect Barrier desired Woodsmart to be more selective in its use of the confidential designation, Perfect Barrier should have utilized more care in drafting the agreed protective order to include more particular language that is consistent with its position.  As it stands, the language of the protective order simply requires a "category" designation.  Therefore, this Court finds that Woodsmart followed and did not violate the protective order.

While Perfect Barrier may have a voluminous amount of discovery to parse through, it has no entity to blame except itself.  Perfect Barrier provided the search terms to Woodsmart as part of its request for production of the email communications.  Woodsmart produced every document that appeared with those search terms.  In other words, Woodsmart provided Perfect Barrier with every

possible document that Perfect Barrier requested. It was Perfect Barrier's expansive request that produced such voluminous discovery.

Furthermore, this Court cannot determine at this time whether some or all of Woodsmart's emails are legitimately characterized as attorney eyes only documents. Woodsmart has designated in blanket fashion a number of documents as protected, which this Court has determined the parties' agreed protective order allowed Woodsmart to do. However, because there is a blanket assertion, this Court cannot determine whether some or all of the emails are legitimately entitled to attorney eyes only protection. At this point, Perfect Barrier's claim that the Woodsmart emails do not comply with the protective order is not a ripe claim.

To be clear, Woodsmart has not withheld the emails from Perfect Barrier, it has, however, limited Perfect Barrier's use of them by designating them "attorney eyes only." If Perfect Barrier upon examination believes that certain emails were inappropriately characterized as "attorney eyes only," they may challenge the designation, first with Woodsmart and, if that fails to resolve the dispute, then with the Court. However, this Court cautions both parties that if this Court is required to examine hundreds of documents or more in the future based on a dispute between the parties, this Court may be forced to utilize the services of a special master pursuant to Fed. R. Civ. P. 53(a)(1)(C) to determine whether each document is legitimately entitled to the type of protection to which Woodsmart claims it is entitled. If this Court is forced to utilize a special master, the Court may assess costs against the party who wrongfully withheld or limited the use of the challenged documents. See Fed. R. Civ. P. 53(a)(3).

In summary, Woodsmart's confidential designation on the category of "emails" is not in violation of the protective order. Consequently, Perfect Barrier's motion to demand compliance with the protective order and request for sanctions is **DENIED**.

  C. Form of Electronic Discovery and Cost of Reproduction

Woodsmart has produced a number of documents, and with some has already reconsidered its confidentiality designation. Perfect Barrier claims that Woodsmart will likely reconsider its designation with a number of other documents in the future. Perfect Barrier asks this Court to order Woodsmart to re-produce these documents in hard copy form, and Perfect Barrier asks this Court to make Woodsmart bear the costs associated with this conversion and reproduction.[1]

Woodsmart produced the emails in electronic form on an disc that is computer accessible. Such discovery is clearly considered electronic discovery. Under Fed. R. Civ. P. 34(b)(2)(E)(ii),

> [i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

Perfect Barrier did not request that the emails be produced in a particular form, yet Perfect Barrier now asks this Court to force Woodsmart to produce the electronic emails as Static Images with a bates-number identifier. Woodsmart objects to this request because it would cost a substantial sum of money to convert the documents from the form in which the documents are normally kept, Native format, to Static Images.

Woodsmart has already produced the emails on a disc in Native format. Woodsmart maintains the email documents in such a format. Fed. R. Civ. P. 34 only requires Woodsmart to submit the emails in the format in which it keeps them, Native format, and nothing more. While it may be more convenient for Perfect Barrier to have the emails as Static Images, Fed. R. Civ. P. 34 does not provide that convenience is a basis for requiring electronic discovery to be produced in a

---

[1] Woodsmart produced many hard copy documents that it later re-designated as less confidential than attorney eyes only. Perfect Barrier asks this Court to re-produce these documents. Requiring Woodsmart to re-produce hundreds of documents in hard copy format that Perfect Barrier already has in hard copy format is redundant and unnecessary. This Court will not require Woodsmart to reproduce documents that have already been produced with a different stamp or title page.

different format than normally maintained.  If Perfect Barrier wanted the emails as Static Images, it should have specified this request in its requests for production, which it did not do.

Furthermore, this Court finds that the emails produced on an electronic media such as disc is reasonably usable.  Perfect Barrier can access, examine, and even print the communications.  While Perfect Barrier may prefer to have them as Static Images, the burden to convert the emails to Static Images remains with Perfect Barrier.  Woodsmart complied with Fed. R. Civ. P. 34(b)(2)(E) and is required to do nothing more.

### III.   ANCILLARY MATTERS

On June 21, 2007, this Court attempted to hold a Fed. R. Civ. P. 16(b) conference.  That conference was continued.  Plaintiff's counsel was to notify this Court when this case would be ready for a Fed. R. Civ. P. 16(b).  As of this date, this Court has not been notified that this case is ready to have a Fed. R. Civ. P. 16(b) deadline and placed on the litigation track.  However, because the parties are clearly engaging in discovery, this Court assumes that this matter is ready for a Fed. R. Civ. P. 16(b) conference, which is now set for **June 23, 2008, at 3:30 p.m. (E.D.T)**.  The parties' discovery plan is due by **June 16, 2008**.

### IV.   CONCLUSION

For the reasons stated, Woodsmart has not violated the protective order.  Therefore, Perfect Barrier's motion to compel compliance with the protective order and for sanctions is **DENIED** [Doc. No. 51].  Furthermore, Woodsmart is not required to resubmit any electronic discovery in a different form than already submitted.

**SO ORDERED.**

Dated this 27th Day of May, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

6