# United States District Court
# Northern District of Indiana

| | |
|---|---|
| PERFECT BARRIER, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-CV-103 JVB |
| ) | |
| ) | |
| WOODSMART SOLUTION, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Perfect Barrier sued WoodSmart. WoodSmart counterclaimed against Perfect Barrier and John Banks and William Banks.[1] Three motions are pending which the Court will now address.

**A. Jurisdiction**

Plaintiff Perfect Barrier is a limited liability company whose sole member was Banks

---

[1]WoodSmart refers to John Banks and William Banks as third-party defendants and to its pleading as a third-party complaint. As Plaintiff has pointed out, under Federal Rule of Civil Procedure 14, a third-party defendant is a person who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. This does not describe the Bankses' relationship to WoodSmart. The Bankses are simply additional counterclaim defendants. *See* Fed. R. Civ. P. 13(h). The Court declines to elevate form over substance and insist that WoodSmart seek leave to join the Bankses as additional third-party defendants and to refile its claims against them as a denominated counterclaim. Accordingly, the Court will consider the pleading WoodSmart filed against the Bankses as a counterclaim and will refer to it as such. Because the initial counterclaim against the Bankses was never served on them and they never filed an answer to it, WoodSmart did not require leave of court to file an amended counterclaim as to them. *See* Fed. R. Civ. P. 15(a).

Corporation, an Indiana corporation whose principal place of business is in Indiana.[2]

WoodSmart is a Florida corporation with its principal place of business in Florida. The amount in controversy alleged in the Complaint exceeds $75,000. Accordingly, the Court concludes that it has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332 and over the counterclaims pursuant to § 1332 and 28 U.S.C. §1367(a).

**B. Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, a court must accept as true all the well-pleaded material facts in the pleading and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).

While Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a claimant plead a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 9(b) embodies the exception to this otherwise lenient rule by requiring that fraud be pleaded with particularity. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 626 – 27 (7th Cir. 1999). The pleader must identify the person who made the misrepresentations, the time, place and content of the misrepresentation, and the method by which the misrepresentations were communicated to the complaining party. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). These requirements have been described as the "who, what, when, where, and how: the first paragraph of any newspaper

---

[2]The Bankses assert that Perfect Barrier's sole member is now Banks Enterprises, Inc., also an Indiana corporation, the successor to Banks Corporation. (*See* DE 39, Mem. in Supp. of Mot. to Dismiss, at 2.)

story." *Dileo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

**C. Factual and Procedural Background**

According to Perfect Barrier's Complaint, in January 2004, the predecessor to WoodSmart and the predecessor to Perfect Barrier entered into a License, Purchase, and Services Agreement for a product called BluWood™. BluWood™ is a water repellant, anti-microbial film treatment for lumber supplied by WoodSmart. Shortly after entering into the January 2004 contract, the parties executed a Restated Agreement which granted Perfect Barrier an exclusive territory for the licensing, sales and distribution of the product. The exclusive territory included Canada and most of the United States. The Restated Agreement required Perfect Barrier to purchase certain minimum amounts of the product during the life of the Agreement. In November 2005 WoodSmart sent Perfect Barrier a letter stating that Perfect Barrier was in breach of the Restated Agreement. In response to the letter, Perfect Barrier suggested that a new license agreement be drafted which would eliminate the exclusive territory and reduce Perfect Barrier's minimum purchase requirements. WoodSmart engaged in lengthy discussions with Perfect Barrier and John Banks and William Banks which ended shortly before Perfect Barrier filed this lawsuit.

On March 14, 2007, Perfect Barrier filed its four-count Complaint against WoodSmart, alleging breach of contract and breach of express and implied warranties and requesting a declaratory judgment that Perfect Barrier is entitled to reimbursement of $2,500,000 which it prepaid to WoodSmart. Perfect Barrier claims that WoodSmart breached the agreement by

accepting $2,500,000 in payment for BluWood™ that it never produced or delivered, failing to provide testing or technical support, improperly formulating the product, and violating the Exclusive Territory provision of the Agreement by licensing new licensees in Perfect Barrier's territory.

On May 14, 2007, WoodSmart filed its answer and original counterclaim against Perfect Barrier and John Banks and William Banks (DE 5).[3] On May 7, 2007, Perfect Barrier filed a reply to the counterclaim as well as a motion to dismiss Counts II and IV of the counterclaim (the fraud and negligent misrepresentation claims) and a memorandum in support. (DE 18 and DE 19.)

On July 6, 2007, WoodSmart filed a motion for leave to file amended counterclaims against Perfect Barrier L.L.C. and the Bankses. (DE 29.) WoodSmart stated that the motion and attached proposed amended counterclaims (DE 29-2 and DE 29-3) constituted its response to Perfect Barrier's motion to dismiss. The proposed amended counterclaim is in three counts: Count I claims breach of contract against Perfect Barrier; Count II claims misrepresentation and fraud by Perfect Barrier and John Banks and William Banks; Count III claims negligent misrepresentation by Perfect Barrier and the Bankses.

WoodSmart alleges that Perfect Barrier and John Banks and William Banks, individually and as principals of Perfect Barrier, engaged in discussions concerning a new license agreement "in bad faith by knowingly making false and misleading representations to WoodSmart." (Prop. Countercl. ¶ 19.) Specifically, WoodSmart states that William Banks met with WoodSmart on January 10, 2006, to discuss the terms of a new license agreement. By letter dated January 11,

---

[3]John Banks and William Banks were officers of Banks Corporation, formerly the sole member of Perfect Barrier L.L.C. (*See* DE 39, Mem. in Supp. Of Mot. to Dismiss at 2.)

4

2006, counsel for William Banks represented that Banks had reached a verbal agreement as to the material terms of a revised agreement. Later that month counsel for William Banks sent a revised draft of a letter of agreement and represented that it was his intention to assist "our client in its effort to reach a constructive solution and continuing relationship." On March 2, 2006, William Banks again met with WoodSmart and represented that Perfect Barrier was agreeable to eliminating its exclusive territory and reducing its minimum purchase requirements, and that "WoodSmart [sic] was agreeable to a staggered delivery" of pre-paid products previously purchased but not deliver at Perfect Barrier's request. (Prop. Countercl. ¶ 19 C.) WoodSmart sent an e-mail to William Banks and John Banks on June 19, 2006, which confirmed WoodSmart's belief that Perfect Barrier was negotiating in good faith toward a continuing business relationship. By e-mail dated July 25, 2006, William Banks continued to represent that Perfect Barrier desired a continuing business relationship with WoodSmart and continued to insist that WoodSmart not institute litigation. WoodSmart sent draft agreements to Perfect Barrier in September 2006. On October 10, 2006, WoodSmart met with John Banks who represented that the draft agreements were agreeable in principle, subject to review by his counsel.

     On January 2, 2007, John Banks informed WoodSmart that Perfect Barrier no longer wished to stay in business as a WoodSmart licensee. On January 3, 2007, William Banks again informed WoodSmart that Perfect Barrier no longer wished to stay in business as a WoodSmart licensee and further advised that Perfect Barrier would be ceasing operations as of January 5, 2007, despite the Bankses' representations over the preceding year that Perfect Barrier desired a continuing business relationship. WoodSmart further alleges that as a result of the

5

misrepresentations, WoodSmart suffered breach of contract damages as well as damages from the loss of the opportunity to license others and to otherwise commercially exploit the BluWood™ product.

Perfect Barrier filed its reply memorandum in support of its motion to dismiss the counterclaims (DE 31) as well as a memorandum in opposition to Defendant's motion for leave to file the amended counterclaims (DE 37). Perfect Barrier objects to amended Counts II and III on the grounds of futility, maintaining that the amended claims for fraud and negligent misrepresentation suffer from most of the same defects as the original claims.[4]

John Banks and William Banks filed a motion to dismiss Counts II and III of the amended counterclaim and a memorandum in support (DE 38 and DE 39), adopting the arguments set forth in Perfect Barrier's memorandum in opposition to WoodSmart's motion for leave to amend (DE 37). WoodSmart filed a reply in support of its motion for leave to amend (DE 41) and a response to the Bankses' motion to dismiss the counterclaims against them. The Bankses have filed a reply memorandum (DE 46).

**D. Analysis**

**(1) Motion for Leave to Amend**

The Court believes that the most efficient way to handle the proposed amended counterclaim is to grant WoodSmart's motion for leave to amend and then to consider the arguments for dismissal of Counts II and III. The Court takes this action in light of the fact that

---

[4] Perfect Barrier does not object to proposed amendments affecting the breach of contract counterclaim, but argues that these are limited to paragraphs 19 J and 21 of the proposed amended counterclaim, which set forth more specific allegations of breach of contract damages. (*See* DE 37, at 4 n. 5.)

Perfect Barrier does not object to the proposed amendments affecting the contract claim and that the Bankses have acknowledged that leave of court is not required to file an amended pleading against them. Moreover, they have responded to WoodSmart's claims against them as though they had already been filed by filing a motion to dismiss and adopting Perfect Barrier's arguments in opposition to the motion for leave to amend as their arguments for dismissal of Counts II and III of the Amended Counterclaim (which allege identical facts against Perfect Barrier and the Bankses). The Court will consider the arguments set forth in Perfect Barrier's brief in support of its motion to dismiss the original counterclaim (to the extent they are applicable) as well as its arguments for denial of the motion for leave to amend as attacking Counts II and III of the Amended Counterclaim.

**(2) Amended Counterclaim Count II**

WoodSmart labels Count II of the Amended Counterclaim "Misrepresentation and Fraud." The gist of Count II is that Perfect Barrier and the Bankses falsely represented that they were interested in renegotiating the licensing agreement with WoodSmart, thereby causing WoodSmart to participate in pointless negotiations for an extended period of time. Perfect Barrier and the Bankses argue, *inter alia,* that these allegations could only give rise to a claim for promissory fraud, which is not recognized in Indiana. They rely on *Sachs v. Blewett,* 185 N.E. 856, 858 (Ind. 1933), for the proposition that actionable fraud cannot be predicated on a promise to do a thing in the future, even though there is no intention of fulfilling the promise.

Indiana courts recognize two types of fraud: actual and constructive. Perfect Barrier and the Bankses assume that WoodSmart is attempting to plead actual and not constructive fraud.

7

However, the rules of pleading do not require the pleader to use the words "actual" or "constructive." Accordingly, Court will examine Count II to determine whether it sets out a claim for either actual or constructive fraud.

The elements of actual fraud are: 1) a material representation of a past or existing fact; 2) which was false; 3) made with knowledge of its falsity; 4) upon which the complainant relied; and 5) which caused injury to the complainant. *Paulson v. Centier Bank,* 704 N.E. 2d 482, 490 (Ind. Ct. App. 1998). WoodSmart has failed to allege actual fraud because all the misrepresentations it alleges relate to Perfect Barrier's future conduct. Actual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed. *Biberstine v. New York Blower Company,* 625 N.E.2d 1308, 1315 (Ind. Ct. App. 1993).

To the extent that WoodSmart relies on *Consolidated Services v. Keybank National Association*, 185 F.3d 817, 823 (7th Cir. 1999), for the proposition that a claim for actual fraud may be based on promises of future actions without any intention of carrying out the promises, its reliance is misplaced. After reviewing the trial court's opinion that the Court of Appeals for the Seventh Circuit was reviewing (*Consol. Serv. v. Keybank Nat'l Assoc.,* 29 F. Supp. 2d 942 (N.D. Ind. 1998)) and the Indiana decisions cited by the Court of Appeals in support of the proposition that Indiana recognizes promissory fraud, the Court is convinced that the Court of Appeals uses promissory fraud as a synonym for constructive fraud. 185 F.3d at 823.

The Court now examines Count II of the Amended Counterclaim to determine whether it states a claim for constructive fraud. The elements of constructive fraud are: 1) a duty owing by the party being charged with fraud to the complaining party due to their relationship; 2) violation

8

of that duty by the making of deceptive material misrepresentations of past or existing facts 3) reliance thereon by the complaining party; 4) injury to the complaining party as a result thereof; and 5) an advantage to the party being charged at the expense of the complaining party. *Rice v. Strunk,* 670 N.E.2d 1280, 1284 (Ind. 1996). Constructive fraud may be based on promissory misrepresentations as well. *See Romack v. Pub. Serv. Co. of Ind.,* 511 N.E.2d 1024 (Ind. 1987) (adopting *Romack v. Pub. Serv. Co. Of Ind.,* 499 N.E.2d 768, 776-80 at 778 (Conover, J., dissenting); *Yeager v. McManama*, 874 N.E.2d 629, 637 (Ind. Ct. App. 2007).

The Court concludes that WoodSmart has also failed to state a claim for constructive fraud. The relationship between the Perfect Barrier and the Bankses and WoodSmart as described in WoodSmart's pleading is simply that of parties to a contract, or, in the case of the Bankses, a contracting party's representatives. While a fiduciary relationship is not required, something more than an arm's length contractual relationship is. *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1273 (Ind. Ct. App. 2000). WoodSmart alleges no facts to suggest the sort of relationship recognized by Indiana courts as supporting a claim for constructive fraud. *See, e.g., Yeager*, 874 N. E. .2d at 637 (misrepresentations as to future conduct by developers and sole members of housing development's architectural review board charged with preserving and enhancing real estate values to prospective land purchasers); *Plohg v. NN Investors Life Ins. Co., Inc.*, 583 N.E.2d 1233, 1236 – 1237 (Ind. Ct. App. 1992), (insurance agent's erroneous statements to potential insureds regarding policy exclusions); *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1251 (Ind. Ct. App. 1998), (bank's misrepresentation to checking account holder that it would in the future honor checks written on account). Accordingly Count II of the Amended Counterclaim is dismissed for failure to state a claim for

9

either actual or constructive fraud under Indiana law.[5]

**(3) Amended Counterclaim Count III**

As to Count III, which charges Perfect Barrier and the Bankses with making negligent misrepresentations, Perfect Barrier and the Bankses maintain that Indiana law does not recognize such a claim under the circumstances of this case. The Court agrees. Indiana courts have recognized the tort of negligent misrepresentation in the context of an employer-employee relationship, finding a clear-cut principle that an employer has a duty to protect its employees against the employer's own negligence. *Ely v. York Division, Borg-Warner,* 455 N.E.2d 623, 629 – 630 (Ind. Ct. App. 1983). However, they have declined to extend recognition beyond the employer-employee relationship. *Darst v. Ill. Farmers Ins. Co.*, 716 N.E.2d 579, 584 (Ind. Ct. App. 1999). This Court also declines to do so. Accordingly, Count III of the Amended Counterclaim is dismissed for failure to state a claim.

**E. Conclusion**

For the foregoing reasons the Court **GRANTS** WoodSmart's motion for leave to file an amended counterclaim against Perfect Barrier and John Banks and William Banks (DE 29); **DENIES** Perfect Barrier's motion to dismiss the original counterclaim (DE 18) as moot; and

---

[5]Perfect Barrier and the Bankses also contend that Count II is defective because the allegations do not state a separate and independent tort of fraud under Indiana law. A plaintiff who brings both a breach of contract claim and a fraud claim must prove that the breaching party committed the separate and independent tort of fraud and that the fraud resulted in injury distinct from the injury resulting from the contract breach. *America's Directories, Inc., v. Stellhorn One Hour Photo, Inc.,* 833 N.E.2d 1059, 1067 (Ind. Ct. App. 2006). The fraud claim must be more than a repackaged version of the breach of contract claim. *See Tobin v. Rumen*, 819 N.E.2d 78, 85 – 86 (Ind. Ct. App. 2005). Because of its conclusion on the issue of promissory fraud, the Court does not address this argument.

**DISMISSES** Counts II and III of the amended counterclaims as to Perfect Barrier and John Banks and William Banks. John Banks and William Banks are **DISMISSED** from the case.

SO ORDERED on September 26, 2008.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
